**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN KNIGHT,** ) | Case No.  1:07 CV 982 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | <u>ORDER</u> |
| ) | |
| **HORACE MANN INS. CO., et al.,** ) | |
| ) | |
| Defendants. ) | |

On April 25, 2005, Plaintiff Kevin Knight filed in federal court a complaint against Defendant Horace Mann Insurance Co. ("Horace Mann") under Case No. 1:05 CV 1045, alleging the following facts.  After being "totaled" in an accident, Horace Mann declared a Michigan insured vehicle (a 1995 Lexus ES300) a total loss, took possession of the vehicle and paid the owner the fair market value of the car.  Without titling the vehicle in its name or obtaining a salvage title, Horace Mann arranged the sale of the vehicle directly from its insured to Diehl Auto Parts ("Diehl"), a Michigan entity, which allegedly had an oral contract with Horace Mann to perform all necessary title work.  Diehl transferred the vehicle to B&B Auto (an Ohio company), which transferred the car to Forest City Auto Sales (another Ohio company), which sold it to Vadim Grinberg (a private Ohio owner).  Grinberg sold the Lexus to Plaintiff, an Avon Lake, Ohio, resident.  At some time subsequent to purchasing the vehicle, Plaintiff

discovered it had sustained substantial damage in a car accident.  Based on these facts, Knight alleged the following claims:

> Count 1. Federal Odometer Act violation under 49 U.S.C. §§ 32701 *et seq.*;
> Count 2. Negligence *per se* (failure to disclose on the title any transfer or ownership of a motor vehicle, which duty arises under 49 U.S.C. §§ 32701 *et seq.* and M.S.A. § 257.233a,);
> Count 3. Negligence *per se* (failure to turn surrender title of a "distressed vehicle" to the Secretary of the States of Michigan under M.S.A. § 257.217c(14)(a) or to obtain salvage title);
> Count 4. Negligence;
> Count 5. Negligent misrepresentation;
> Count 6. Fraud;
> Count 7. Punitive damages

Plaintiff filed the case in federal court based on diversity jurisdiction as well as federal question jurisdiction (i.e., the Federal Odometer Act ("FOA") claim).  Although Plaintiff asserted that Horace Mann and Diehl had an "oral contract" in Michigan resulting in Diehl's purchase of hundreds of vehicles that should have had salvage designations but did not, he did not sue Diehl.  Horace Mann filed a motion to dismiss for failure to join an indispensable party (Diehl) or to change venue to the Eastern District of Michigan for the convenience of the parties.  The Court urged Plaintiff to add Diehl to the case on the basis that it was an indispensable party, but before the Court issued an opinion, Plaintiff filed a Rule 41(a)(1) notice of dismissal without prejudice.

On March 5, 2007, Plaintiff filed in state court a case against Horace Mann and all transferees of the Lexus **except** Diehl (i.e. Horace Mann, B&B Auto, Forest City Auto Sales and Vadim Grinberg), alleging the same claims asserted in the first case **except** the federal FOA claim.[1]  *ECF No. 1, Ex. 1* ("Compl.").  With respect to the negligence *per se* title-skipping claim,

---

[1] The case captioned *Kevin Knight v. Horace Mann Insurance Co., et al.*, was filed In The Court of Common Pleas, Cuyahoga County, Ohio, under No. CV 07 617593.

-2-

however, Plaintiff again asserts that "the duty to disclose any transfer or ownership of a motor vehicle on the title for that particular motor vehicle . . . arises under 49 U.S.C. § 32701 *et seq*. and MSA § 257.233a." *Compl*. ¶ 24. Plaintiff also asserts that Horace Mann and Diehl had an "oral contract" in Michigan to transfer totaled vehicles to third parties without obtaining salvage title. *Id*. at 2-3. Since the parties in the instant case are not diverse, Horace Mann removed the state court case to federal court based only on the presence of a federal question (i.e., that part of the negligence *per se* title-skipping claim which allegedly arises from the FOA). Shortly thereafter, Horace Mann filed a Motion to Dismiss for Failure to Join All Necessary and Indispensable Parties or, in the Alternative, to Change Venue of This Action to the Eastern District of Michigan, Southern Division. *ECF No. 10*. The Motion raises the same arguments raised in the first case.

The Court has reviewed the record in both cases and concludes as follows. The Federal Odometer Act requires persons transferring the ownership of a vehicle to disclose, in writing, "the cumulative mileage registered on the odometer." 49 U.S.C. § 32705(a)(1)(A) (West Supp. 2003). The Act prohibits the transferor from making a false statement regarding mileage in the disclosure. 49 U.S.C. § 32705(a)(2) (West Supp. 2003). Other than to assert that the Lexus registered over 45,000 miles on the day he purchased it, Plaintiff's complaint alleges no facts that would support a FOA claim. *See Lewis v. Horace Mann Ins. Co.*, 410 F.Supp.2d 640, 649-651 (N.D. Ohio 2005) (a plaintiff cannot maintain a FOA claim by showing a general intent to defraud; rather, the plaintiff must show that the defendant specifically intended to defraud the plaintiff about the mileage of a vehicle). Therefore, the complaint also fails to allege facts that would support a negligence *per se* claim <u>based on a FOA violation</u>. *Id*. at 657-58

(where plaintiff cannot show a FOA violation, a negligence *per se* claim based on a FOA violation must also fail as a matter of law). The failure to allege factual allegations sufficient to support a negligence *per se* claim based on a FOA violation cannot be inadvertent since Plaintiff's counsel filed the same claim in another case in this district – which claim was dismissed on the merits for failure of proof. *Lewis*, 410 F.Supp.2d 640. Since the sole basis for removal jurisdiction is the presence of this tenuous federal question, and because it appears that Plaintiff wants to litigate the case in state court, the Court will allow Plaintiff until May 15, 2007 to file an amended complaint that removes any reference to FOA, after which the Court will remand the case to state court.

The Court notes that, at the center of both complaints is the allegation that Horace Mann and Diehl were involved in a title-skipping scheme the purpose of which was to sell totaled cars to unsuspecting buyers without obtaining proper title. Although Diehl appears to be an indispensable party, Plaintiff apparently does not want to sue Diehl. Regardless of whether or not Plaintiff sues Diehl, it is my intention to transfer this case to the to the Eastern District of Michigan if Plaintiff chooses not to file the aforementioned amended complaint by May 15, 2007, on the basis that Michigan is the state where the alleged unlawful scheme occurred.

**IT IS SO ORDERED.**

    */s/Dan Aaron Polster     May 2, 2007*
**Dan Aaron Polster**
**United States District Judge**